Samantha K DuMond (SBN 019769)
DUMOND LAW FIRM, PLLC
1006 West Adams Street, Suite 101
Phoenix, AZ 85007
Telephone: (602) 803-4975
Facsimile: (602) 680-3330
E-mail: Samantha@DuMondLawAZ.com
*Attorney for Plaintiff*

Erica T. Dubno (SBN 037310)
FARHINGER & DUBNO
43 West 43rd Street, Suite 261
New York, NY 10036
Telephone: (212) 319-5351
Facsimile: (212) 319-6657
Email: Erica.Dubno@fahringerlaw.com
*Attorney for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe,<br><br>          Plaintiff,<br><br>vs.<br><br>Paul Penzone, Sheriff of Maricopa County, Arizona, in his official capacity, Defendant. | No.<br><br>**PLAINTIFF'S MOTION FOR PERMISSION TO PROCEED ANONYMOUSLY** |

Plaintiff Jason Doe comes before this Court seeking to proceed in anonymity in this matter. Plaintiff respectfully moves this Court to: (1) allow Plaintiff to proceed anonymously in this litigation and (2) order Defendants (including their agents and attorneys), should they discover Plaintiff's true identity, not to publicly disclose them, either in a court filing or otherwise. In support of this Motion, Plaintiff states as follows:

## I.      INTRODUCTION

Plaintiff Jason Doe is challenging the constitutionality of portions of Arizona Revised Statutes (A.R.S.) §§ 13-3821 and 13-3822, which, *inter alia*, outline the requirements for people who have been convicted of or adjudicated guilty of certain offenses to (1) register as sex offenders (A.R.S. § 13-3821(A) and (G)), (2) register residences (§ 13-3822(A)), (3) notify law enforcement of movement from registered residences (§ 13-3822(A)), and (4) notify law enforcement of online identifiers to communicate on the internet (A.R.S. § 13-3821(P) and A.R.S. § 13-3822(C)). Plaintiff's Complaint alleges that these laws in conjunction and individually deprive Plaintiff of his rights guaranteed by the First, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

Leave to proceed anonymously should be granted because Plaintiff has a substantial privacy right that outweighs any need for his identity to be disclosed. Plaintiff belongs to perhaps the most reviled group of people in our society – individuals with convictions for sexual offenses. "Nothing provokes more emotionality than sex crimes perpetrated on a child. The public widely regards child sex offenders as the 'worst of the worst' and 'better off dead.'" *May v. Shinn*, 37 F.4th 552, 559 (9th Cir. 2022) (Block, J., concurring). Sex offenders face retaliation from members of our community. In light of these unique concerns, courts routinely permit sexual offenders challenging the various laws regulating them to proceed anonymously. *See, e.g.*, *Connecticut Dept. of Public Safety v. Doe*, 538 U.S. 1 (2003); *Smith v. Doe*, 538 U.S. 84 (2003); *Does v. Wasden*, 982 F.3d 784 (9th Cir. 2020); *Doe v. Harris*, 772 F.3d 563 (9th Cir. 2014); *Doe v. Tandeske*, 361 F.3d 594 (9th Cir. 2004). Plaintiff seeks the same treatment here.

## II.     FACTUAL BACKGROUND

The facts are laid out in greater detail in the Complaint. Of note here, Plaintiff is a registered sexual offender, whose offense against minors was committed long ago and for which Plaintiff has completed his sentence. He is currently serving a lifetime probationary period without any violations. He wishes to challenge the constitutionality of the sex offender registration requirements under A.R.S. §§ 13-3821(A) and (G), residence registration requirements under § 13-3822(A), notification of movement from registered residences requirements under § 13-3822(A), and registration and notification of online identifiers requirements under § 13-3821(P) and § 13-3822(C). However, he fears the harassment, retaliation, and threats of violence he would face if forced to publicly reveal his identity in this lawsuit. He also wishes to engage in anonymous online speech, which the Internet identifier provision bans. Thus, the very anonymity he seeks would be defeated by forced disclosure here.

## III.     THE LAW

Federal Rule of Civil Procedure 10(a) requires that the title of the complaint "include the names of all the parties." However, "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058 (9th Cir. 2000). Challenging government activity is one such factor that permits anonymity. *Doe v. State of Alaska*, 122 F.3d 1070 (9th Cir. 1997) (*citing Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981).[1] When pseudonyms are used to shield the anonymous

---

[1] This is an unpublished opinion but was referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter.

party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id*. Plaintiffs are not required to *prove* that threatened retaliation will be carried out, but that a reasonable person would believe that a threat might be carried out. *Id*. Additionally, it is relevant for the Court to consider if the plaintiffs have demonstrated that disclosure will deny them the very relief they seek. *Doe*, 122 F.3d 1070. In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, and to issue protective orders limiting the disclosure of the party's name to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case. *See* Fed R. Civ. 16(b), 26(c). It may never be necessary to disclose the anonymous parties' identities to nonparties to the suit. *Does I thru XXIII*, 214 F.3d at 1069. Here, these factors weigh in favor of anonymity.

## IV.   ARGUMENT

### a.  Plaintiff is Challenging Government Activity

The Plaintiff is challenging government activity by seeking several declarations that portions of the Arizona sex offender registration statutory scheme are unconstitutional, which is a strong factor weighing towards proceeding anonymously. *Doe*, 122 F.3d 1070.

### b.  Plaintiff Will Be Exposed to Threats of Violence and Other Harms

Plaintiff fears violent reprisals, grounded in the growing number of reported incidents of vigilantism against registrants. These include an Arizona man who had been accused of child

4

molestation and was found impaled on a cactus, leading to his death.[2] In July of 2022, a vigilante in Indiana killed a registered sex offender by knocking on his door and shooting him when he answered. The vigilante said he had no remorse and was justified in committing the crime. The sex offender was actively trying to get removed from the registry when he was killed.[3] [4]

Sadly, "unlawful violence and threats" and other vigilante justice "happen with sufficient frequency and publicity that registrants justifiably live in fear of them." *E.B. (A Fictious Name) v. Verniero*, 119 F.3d 1077, 1102 (3d Cir. 1997), *quoted by Smith v. Doe*, 538 U.S. at 108 (Souter, J., concurring) ("registrants and their families have experienced profound humiliation and isolation as a result of the reaction of those notified. Employment and employment opportunities have been jeopardized or lost. Housing and housing opportunities have suffered a similar fate. Family and other personal relationships have been destroyed or severely strained. Retribution has been visited by private, unlawful violence and threats and, while such incidents of 'vigilante justice' are not common, they have with sufficient frequency and publicity that registrants justifiably live in fear of them"). *See also Doe v. Pataki*, 120 F.3d 1263, 1279 (2d Cir. 1997) (noting "numerous instances in which sex offenders have suffered harm in the aftermath of notification ranging from public shunning, picketing, press vigils, ostracism, loss of employment, and eviction, to threats of

---

[2] Michelle A. Cubellis, *Sex Offender Stigma: An Exploration of Vigilantism against Sex Offenders, Deviant Behavior* (2018), available at https://www.tandfonline.com/doi/abs/10.1080/01639625.2017.1420459.

[3] https://www.azfamily.com/2022/07/29/man-shows-no-remorse-fatally-shooting-registered-sex-offender-deputies-say/.

[4] Additionally, in March of 2023, a vigilante in Minnesota beat a registered sex offender in his home with a shovel and a pair of Moose antlers; the sex offender committed only one sex offense in 1979. https://www.azfamily.com/2023/03/11/report-minnesota-man-kills-sex-offender-using-moose-antler-shovel-sheriff-says/. These are merely examples of the extreme violence a sexual offender can face for simply being registered.

violence, physical attacks, and arson"). The public revelation that one is a sexual offender creates "increased risk of private violence that can result in damages to one's property or injury to one's person." *Verniero*, 119 F.3d at 1102.

Plaintiff rightly fears harassment and violence if he must disclose his identity to pursue this legitimate civil rights action. Although he is already on the public registry, Plaintiff – unlike other registrants – will be a highly visible member of the sex offender community. He is likely to be viewed not only as a leader of what has been describe as "perhaps the most reviled group of people in our community," but also as an advocate for lessened restrictions on sex offenders. *Doe v. Nebraska*, 898 F. Supp. 2d 1086, 1121 (D. Neb. 2012). Plaintiff may be wrongly perceived as trying to escape all sex offender regulations and expose him to unique risks of retaliation beyond what a normal registrant suffers. Plaintiff will therefore be a unique target for violence and intimidation. *See Doe v. City of Indianapolis, Ind.,* No 1:12:CV-00062-TWP, 2012 WL 639537, at 2 (S.D. Ind. Feb. 27, 2012) ("If Plaintiff were named, not only would his past crimes be highlighted, but he would also be identified as the person challenging the constitutionality of a statute that was created to protect the public, which could make Plaintiff an even bigger target for retaliation").  Additionally, potential media coverage generated by this important lawsuit is an additional concern. *See Doe v. Cnty. of El Dorado*, No. 2:14-CV-01433-KJM, 2013 WL 6230342 at 4 (E.D. Cal. Dec. 2, 2013) (granting sex offenders' motion to proceed anonymously in part because the suit was "a constitutional challenge with the potential for publicity"). Plaintiff does not need to *prove* that he faces a danger of physical injury, but rather he must simply show that he *might* face such a threat. *Does I thru XXIII*, 214 F.3d 1058.

Plaintiff is also vulnerable to such retaliation because, as a registered sex offender, his

address is readily available to members of the public who may wish to extract "justice." For these reasons, most cases of this type recognize that sexual offenders face significant risk of harm if they proceed in their own names, and it is proper and appropriate to permit them to proceed anonymous.

### c. Anonymity Poses No Threat of Unfairness to Defendants

This case brings both facial and as applied constitutional challenges to portions of Arizona statutes relating to sex offender registration laws. The case will turn almost entirely on legal issues and the particular facts surrounding Plaintiff himself are largely irrelevant. Plaintiff's as applied challenges relates to him as a person required to register, and do not touch on the particular circumstances of his prior offenses or personal information such that disclosure of his identity would be required. Moreover, Plaintiff does not seek damages, but rather declaratory relief, making inquiry into his circumstances unnecessary. Disclosure of Plaintiff's identity is not essential for this case to be adequately prosecuted.

The public also has no particular need to know Plaintiff's true identity. All the relevant facts are contained in the pleadings. The public interest will be served by having this case brought to vindicate constitutional rights. *Does I thru XXIII*, 214 F.3d 1058.

### d. Disclosure Will Deny Plaintiff the Very Relief He Seeks

One purpose of this lawsuit is to secure Plaintiff's constitutional right to anonymous speech. Forcing him to reveal his true identity would thus strip him of the very anonymity he seeks, exacerbating the injuries this lawsuit seeks to prevent. *Doe*, 122 F.3d 1070. Where, as here, anonymity goes to the heart of the case, Plaintiff should be allowed to proceed anonymously.

## V. CONCLUSION

Many federal courts have permitted challenges to sex offender laws to proceed

anonymously to protect litigants' safety and privacy. Plaintiff asks this Court to do the same.

WHEREFORE, Plaintiff respectfully requests the Court grant this Motion and permit Plaintiff to proceed anonymously. Plaintiff also requests that the Court order Defendants (including their agents and attorneys), should they discover Plaintiff's true identity, not to publicly disclose them, either in a court filing or otherwise. If the Court deems it necessary at some point in the future to disclose his identity to Defendants, Plaintiff would request permission to do so pursuant to a protective order that prohibits disclosure to the public.

**DUMOND LAW FIRM, PLLC**

By: ___/s/ Samantha DuMond_____
     Samantha K. DuMond, Esq.
     Attorney for Defendant *Doe*
     1006 West Adams Street, Suite 101
     Phoenix, Arizona 85007
     Phone: (602) 803-4975
     Facsimile: (602) 680-3330
     Samantha@DuMondLawAZ.com

     **FAHRINGER & DUBNO**
     Erica T. Dubno, Esq. No. 037310
     43 West 43rd Street, Suite 261
     New York, New York 10036
     Telephone: (212) 319-5351
     Facsimile: (212) 319-6657
     Erica.Dubno@fahringerlaw.com

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on September 15, 2023, I electronically transmitted the attached

3

document to the Clerk's Office using the ECF System for filing.

4

*/s/ Samantha K. DuMond*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28