# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, | No. CV-23-01938-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Paul Penzone, | |
| Defendant. | |

Before the Court is Plaintiff's Motion for Permission to Proceed Anonymously. (Doc. 3). Plaintiff asks to proceed anonymously and requests the Court to prohibit Defendants from publicly disclosing his identity because he fears that his status as a sex offender who is challenging the constitutionality of sex offender statutes would expose him to threats of violence.

Rule 10(a) of the Federal Rules of Civil Procedure requires all parties to be named in the complaint. Only "in an unusual case," where "necessary to protect a person from injury or harassment," are pseudonyms allowed. United States v. Doe, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007)) (citation omitted). "[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000).

Other courts, in addressing the interests of the parties and the public in substantially

similar circumstances, have found that proceeding anonymously is appropriate at the pre-discovery phase. See, e.g., <u>Doe v. County of El Dorado</u>, 2013 U.S. Dist. LEXIS 169883, at *7-14, 2013 WL 6230342, at *3-6 (E.D. Cal. Dec. 2, 2013) (allowing anonymity where a convicted sex offender challenges a sex-offender ordinance for constitutional violations). The Court finds the same here.

As Plaintiff acknowledges, it may be necessary to disclose Plaintiff's identity as the case proceeds. The parties can address this issue when it arises. See <u>Advanced Textile</u>, 214 F.3d at 1072 ("At present, however, discovery is stayed . . . . Thus, at present defendants suffer no prejudice by not knowing the names of plaintiffs."); <u>Doe</u>, 2013 U.S. Dist. LEXIS 169883, at *12, 2013 WL 6230342, at *5 ("At this pre-discovery stage, however, the court need not yet consider the prejudice defendant will suffer during discovery.").

### III. Conclusion

Accordingly,

**IT IS ORDERED granting** Plaintiffs' Motion to Proceed Under a Pseudonym and Motion for Protective Order. (Doc. 3). However, Defendant has not had an opportunity to be heard on this Motion. If Defendant disagrees with the Court's decision, he may file an opposition within <u>20 days</u> of the filing date of this Order or within <u>20 days</u> of service of the Complaint, whichever is later.

**IT IS FURTHER ORDERED** as follows:

1. Plaintiff is granted leave to proceed in this matter under pseudonym;
2. If Defendant learns of Plaintiff's identity, Defendant shall not publicly disclose the names or personally identifying information of Plaintiff; and
3. All parties shall submit pleadings, briefing, and evidence using Plaintiff's pseudonym instead of his real name and other personally identifying information.

Dated this 4th day of October, 2023.

*Honorable Stephen M. McNamee*
*Senior United States District Judge*