# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Doe, | No. CV-23-01938-PHX-SMM |
| Plaintiff, | **ORDER** |
| v. | |
| Russell Skinner, et al., | |
| Defendants. | |

A status conference was held in this matter on September 13, 2024. Discussions were held pertaining to the discovery needs and trajectory of this case and the parties agreed that this action will require relatively minimal fact discovery. It was agreed that the parties would file a Rule 26(f) report on or by October 4, 2024 containing stipulated discovery and dispositive motions deadlines, agreements as to number of depositions, and other such matters as necessary. The Court shall thereafter issue a scheduling order unless a Rule 16 Scheduling Conference is expressly requested by the parties. Accordingly,

**IT IS ORDERED** that the parties are directed to meet, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, to discuss the following matters:

1. Any matters relating to jurisdiction, venue, or the joinder of additional parties;

2. The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

3. A schedule of all pre-trial proceedings;

4. Modification of pre-trial procedures due to the simplicity or complexity of the case;

5. Arrangements for Initial Disclosures in compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Unless otherwise stipulated in writing by the parties or otherwise directed by a written Order of this Court, Initial Disclosures shall be made at the initial Rule 26(f) case management meeting or within fourteen (14) days after the meeting; and

6. Any other matters which counsel may feel will help dispose of the matter in an efficient manner.

**IT IS FURTHER ORDERED** that to satisfy the requirements of Federal Rule of Civil Procedure 26(a) the parties shall file with the Clerk of the Court a <u>Notice of Initial Disclosure</u>; copies of the actual disclosures shall therefore not be filed.

**IT IS FURTHER ORDERED** that at the Rule 26(f) case management meeting, the parties shall develop a **Proposed Case Management Plan** which shall include brief statements or proposals concerning:

1. The nature of the case, setting forth in brief statements the factual and legal basis of plaintiff's claims and defendant's defenses;

2. A list of the elements of proof necessary for each count of the complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of the claim or defense that the party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona state case and statutory law, or other authority as dictated by conflicts of law rules);

3. The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

4. The jurisdictional basis of the case, citing specific statutes;

5. Parties, if any, which have not been served, as well as parties which have

not filed an answer or other appearance. Unless counsel can otherwise show cause, a proposed form of order shall accompany the joint Case Management Plan which dismisses any party which has not been served, or seeks default judgment on any non-appearing party;

6. The names of parties not subject to the Court's jurisdiction;

7. Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

8. The status of related cases pending before other judges of this Court or before other courts;

9. Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), Federal Rules of Civil Procedure, including a statement of when Initial Disclosures were made or will be made;

10. Proposed specific dates for each of the following:

   a. A deadline for the completion of fact discovery;[1]

   b. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

   c. A deadline for completion of all expert depositions;

   d. A deadline for filing dispositive motions.

11. The scope of discovery and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, where dispositive motions will be filed (e.g., motions for summary judgment or a defense relying on the statute of limitations), counsel should consider limiting discovery to the issue at hand until the court has ruled on the motion. Counsel should keep in mind that the Rule 26(b)(1) scope of discovery has been changed,

---

[1] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

that proportionality is now part of the scope of discovery, and that the "reasonably calculated to lead" language has been deleted from the rule. The intent of these changes is not to deprive parties of evidence reasonably needed to prove their claims or defenses, but instead to ensure that discovery is relevant and proportional to the needs of the case;

12. Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure and LRCiv 16.2;

13. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

14. Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the Proposed Case Management Plan shall set forth the reasons that a trial by jury is in dispute;

15. Any other matters which counsel feel will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

**IT IS FURTHER ORDERED** that all deadlines to which the parties stipulate in the Proposed Case Management Plan shall fall on a Friday barring extenuating circumstances which make doing so impracticable.

**IT IS FURTHER ORDERED** that counsel shall <u>jointly file</u> their Proposed Case Management Plan with the Clerk of the Court on or before <u>October 4, 2024</u>.

Dated this 13th day of September, 2024.

Honorable Stephen M. McNamee
Senior United States District Judge