1
2
3
4
5
6

**IN THE UNITED STATES DISTRICT COURT**

7

**FOR THE DISTRICT OF ARIZONA**

8

9    John Doe,                                  No. CV-23-01938-PHX-SMM

10                   Plaintiff,                  **ORDER**

11    v.

12    Gerard Sheridan, et al.,

13                   Defendants.

14

15        This matter is before the Court on four unopposed Motions to Seal filed by the

16    parties. (Docs. 60, 63, 67, 71). For the reasons stated below, the Court grants the

17    Motions.

18    **I.    LEGAL STANDARD**

19        There is a "strong presumption in favor of [public] access to court records." <u>Foltz</u>

20    <u>v. State Farm Mut. Auto. Ins. Co.</u>, 331 F.3d 1122, 1135 (9th Cir. 2003). The

21    determination of whether filed motions and documents may be filed under seal or must

22    remain accessible to the public "turn[s] on whether the motion is more than tangentially

23    related to the merits of a case." <u>Ctr. for Auto Safety v. Chrysler Grp.</u>, LLC, 809 F.3d

24    1092, 1101 (9th Cir. 2016). If a sealing request concerns materials that are more than

25    tangentially related to the merits of a case, the movant must meet the "compelling

26    reasons" standard. <u>Id.</u> At 1096 (citing <u>Kamakana v. City & Cnty. of Honolulu</u>, 447 F.3d

27    1172, 1178 (9th Cir. 2006).

28

Under the compelling reasons standard, the movant must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." <u>Kamakana</u>, 447 F.3d at 1178–79. Compelling reasons may arise when court files may "become a vehicle for improper purposes, 'such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.'" <u>Id.</u> at 1179 (quoting <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 598 (1978). After considering the competing interests at stake, "if the court decides to seal certain judicial records, it must 'base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.'" <u>Id.</u> at 1179 (quoting <u>Hagestad v. Tragesser</u>, 49 F.3d 1430, 1434 (9th Cir. 1995).

## II.    SEALING REQUESTS

Each of the parties' four sealing requests contains the same rationale for sealing the proffered materials: the materials contain Personal Identifying Information ("PII") of Plaintiff John Doe. The Court has permitted Plaintiff to proceed anonymously in this litigation due to Plaintiff's sex offender status and prohibited the disclosure of information containing any PII of Plaintiff. (Doc. 8). The Court has also entered a Protective Order, (Doc. 43), for the purpose of facilitating the exchange of information containing Plaintiff's PII between the parties. The parties' sealing requests are thus consistent with the Court's Orders in this matter. The Court has reviewed the material requested to be sealed and finds the parties' sealing requests to be appropriate and necessary to protect Plaintiff's PII. Notwithstanding this Order, however, any information under seal shall enter the public domain if the Court determines it necessary to quote such information in an Order entered by the Court.

Accordingly,

**IT IS ORDERED granting** Plaintiff's Consent Motion to Seal Portions [of] the Parties' Joint Stipulation of Facts. (Doc. 60). The Court will maintain as sealed the portions of the parties' Joint Stipulation of Facts highlighted in yellow.

1    **IT IS FURTHER ORDERED granting** Plaintiff's Motion to Seal Portions of

2  Certain Exhibits to Plaintiff's Motion to Exclude the Testimony of Dr. John Lott in

3  Whole and in Part (Doc. 63) The Court will maintain as sealed 1) the portions of Exhibit

4  1 to Plaintiff's Motion to Exclude the Testimony of Dr. John Lott in Whole and in Part

5  that are highlighted in yellow; and 2) the portions of Exhibit 5 to Plaintiff's Motion to

6  Exclude the Testimony of Dr. John Lott in Whole and in Part that are highlighted in red.

7    **IT IS FURTHER ORDERED granting** Plaintiff's Motion to Seal Exhibit 1 to

8  Plaintiff's Separate Statement of Material Facts (Doc. 67). The Court will maintain as

9  sealed Exhibit 1 of Plaintiff's Separate Statement of Material Facts. (Doc. 68).

10    **IT IS FURTHER ORDERED granting** Intervenor-Defendants' Motion to Seal

11  (Doc. 71). The Court will maintain as sealed portions of Intervenor-Defendants' Motion

12  for Summary Judgment and Separate Statement of Facts. (Docs. 72, 73).

13    **IT IS FURTHER ORDERED directing** the Clerk of Court to file under seal the

14  materials at Docs. 61, 64, 65, 68, 72, and 73.

15    Dated this 9th day of May, 2025.

16

17    _____

18    Stephen M. McNamee
      Senior United States District Judge

19

20

21

22

23

24

25

26

27

28